UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VICTOR HILL,

       Plaintiff,

vs.                        CASE NO.:

HEWETT TIRE & AUTO CENTER,
INC., A FLORIDA CORPORATION,
HOME TOWN TOWING #1, INC.,
A FLORIDA CORPORATION,
BILLY E. HEWETT,
INDIVIDUALLY, BILLY. E.
HEWETT, JR., INDIVIDUALLY,
AND SANDRA HEWETT,
INDIVIDUALLY,

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICTOR HILL, sues the Defendants, HEWETT TIRE & AUTO CENTER, INC., a Florida Corporation, HOME TOWN TOWING #1, INC., a Florida Corporation, BILLY E. HEWETT, Individually, BILLY E. HEWETT, JR. Individually, and SANDRA HEWETT, Individually (hereinafter collectively referred to as "Defendants"), and alleges:

1.     Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Fla. Const. Art. X § 24(b).

## GENERAL ALLEGATIONS

2.    Plaintiff performed work for Defendants in Bay County, Florida, among other locations.

3.    Plaintiff worked for Defendants from early 2017, until July 2, 2020.

4.    Plaintiff was hired as a tow truck driver and dispatcher.

5.    Plaintiff's duties included, but were not limited to, providing towing services, lockout services, gas services, changing flat tires, handling dispatch calls, answering Defendants' phone lines after regular businesses hours, and providing "jump" starts to Defendants' customers.

6.    Throughout Plaintiff's employment, his compensation plan changed several times.

7.    From early 2017, until about April 2018, Plaintiff was paid on a commission basis.

8.    On or about April 2018, Plaintiff began earning a salary of $750.00 per week.

9.    On or about March 2020, until around May 2020, Plaintiff's salary was reduced to $500.00 per week.

10.    On or about May 2020, Plaintiff's pay was changed back to a salary of $750.00 per week.

11.    During his employment with Defendants, Plaintiff routinely worked over forty (40) hours per week.

12.    During his employment with Defendants, Plaintiff never received any

additional compensation for any hours worked over forty (40) per week.

13. During Plaintiff's employment with Defendant, in at least one or more weeks, Plaintiff's regular rate of pay fell below the applicable minimum wage.

14. Defendant, HEWETT TIRE & AUTO CENTER, INC., is a Florida Corporation that operates and conducts business in, among others, Bay County, Florida and is therefore, within the jurisdiction of this Court.

15. Defendant, HOME TOWN TOWING #1, INC, is a Florida Corporation that operates and conducts business in, among others, Bay County, Florida and is therefore, within the jurisdiction of this Court.

16. At all times relevant to this action, BILLY E. HEWETT, is an individual resident of the State of Florida, who owns and operates HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC. By virtue of having regularly exercised that authority on behalf of HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC, BILLY E. HEWETT, is an employer as defined by 29 U.S.C. § 201, et seq.

17. At all times relevant to this action, BILLY E. HEWETT, JR., is an individual resident of the State of Florida, who owns and operates HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work

schedules for the employees; and (c) control the finances and operations of HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC.  By virtue of having regularly exercised that authority on behalf of HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC, BILLY E. HEWETT, JR, is an employer as defined by 29 U.S.C. § 201, et seq.

18.     At all times relevant to this action, SANDRA HEWETT, is an individual resident of the State of Florida, who owns and operates HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC.  By virtue of having regularly exercised that authority on behalf of HEWETT TIRE & AUTO CENTER, INC., and HOME TOWN TOWING #1, INC, SANDRA HEWETT, is an employer as defined by 29 U.S.C. § 201, et seq.

19.     Each of these Defendants employed Plaintiff, directly and/or indirectly, jointly and/or severally, and acted in the interest of an employer toward Plaintiff, during the last three years, including without limitation directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff.

20.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

21.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA

pursuant to 28 U.S.C. §2201 et seq.

22.    This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1367.

23.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

24.    At all times material hereto, Defendants had (2) or more employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce including, inter alia, trucks, employee uniforms, and gasoline/diesel which were used directly in furtherance of Defendants' commercial activity of operating towing services, repair and roadside assistance companies.

25.    Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

26.    At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of providing services on highways that regularly facilitated the flow of interstate commerce.

## MINIMUM WAGE AND OVERTIME VIOLATIONS

27.    At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants for which he was not paid full minimum wages for all hours worked and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

28.    During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per week

during one or more work weeks.

29.     During his employment with Defendants, Plaintiff routinely worked overtime hours, increasing each week of his employment with Defendants.

30.     During his employment with Defendants, Plaintiff never received any additional compensation for any hours worked over forty (40) per week.

31.     Plaintiff's job duties clearly do not meet any exemptions from overtime compensation provided by the FLSA.

32.     Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

## COUNT I – RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

33.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34.     Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

35.     During his employment with Defendants, Plaintiff was not always paid the minimum wage for each hour worked in violation of Fla. Const. Art. X § 24.

36.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorney's fees and costs.

37.     Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

38.     As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to unpaid wages.

39.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, VICTOR HILL, demands judgment against Defendants for unpaid compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES (FLSA)

40.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

41.     Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

42.     During his employment with Defendants, Plaintiff was not paid the minimum wage for each work week of work performed in violation of the FLSA.

43.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

44.     Defendants did not have a good faith basis for its failure to pay plaintiff minimum wages for each hour worked.

45.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

46.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, VICTOR HILL, demands judgment against Defendants for unpaid compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate

## COUNT III - RECOVERY OF OVERTIME COMPENSATION

47.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

48.    Plaintiff worked in excess of forty (40) hours per week.

49.    Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

50.    Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

51.    At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

52.    Defendants' actions were willful and/or manifested a reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for his hours worked in excess of forty (40) hours per work week when Defendants knew, or should have known, such was, and is due to Plaintiff.

53.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

54.     Due to the intentional, willful, unlawful acts of Defendants, Plaintiff suffered and continues to suffer, damages and lost compensation for his hours worked over forty (40) hours per work week, plus liquidated damages.

55.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, VICTOR HILL, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 28(b), Plaintiff hereby demands a trial by jury.

Dated this <u>19th</u> day of August, 2020.

<u>**/s/ Gregory Schmitz**</u>
Gregory R. Schmitz, Esq.
FBN 0094694
Ryan D. Naso, Esq.
FBN 1010800
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone: (407) 236-9175
Facsimile: (407) 245-3401
Email: gschmitz@forthepeople.com
            rnaso@forthepeople.com
            mbarreiro@forthepeople.com
*Attorneys for Plaintiff*

9